**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0218-25

SIMONE NOE,

     Plaintiff-Appellant,

v.

SHANNON KEANEY,

     Defendant-Respondent.

_____

     Submitted May 27, 2026 – Decided June 18, 2026

     Before Judges Susswein and Chase.

     On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Morris County, Docket No. FM-14-1301-16.

     Simone Noe, self-represented appellant.

     Respondent has not filed a brief.

PER CURIAM

     In this one-sided appeal, self-represented plaintiff Simone Noe challenges the Family Court's August 1, 2025 order denying her motion for reconsideration. We affirm.

I.

In 1998, plaintiff and defendant Shannon Keaney were married. Two children were born of the marriage, a son and a daughter. In May 2017, a final judgment of divorce was entered for the parties, which incorporated a Marital Settlement Agreement ("MSA") that included weekly child support of $438.47 to be paid by defendant.

On February 23, 2021, the court entered a consent order in which the parties agreed to purchase a car for their daughter which would not exceed $12,000. Defendant was responsible for sixty percent of the purchase price.

In July 2023, the court ordered: plaintiff to reimburse defendant for their daughter's Spring 2023 semester college tuition; to recalculate the parties' percentage contribution to their children's college education expenses, medical expenses, extra-curricular and car expenses; to enforce plaintiff's obligation towards their children's college tuition; and for plaintiff to release the refund check from their daughter's college. Various other requests were denied.

In March 2024, the court entered an order granting plaintiff's motion to recalculate child support for their daughter following the emancipation of their son after his college graduation and to enforce the July 2023 order. Accordingly, the court ordered probation to change the child support obligation to $221.50

2

per week for their daughter. The court also denied plaintiff's request for Cost of Living Adjustments ("COLA"). In June 2024, the court entered an order denying plaintiff's motion for reconsideration.

On April 25, 2025, plaintiff moved for: (1) "[e]nforcement of orders issued July 2023 and March 2024, reimbursement of college costs in the amount of $3,410.00 to be paid within [seven] days of the order. Closing out/payment of the student loan secured by the [d]efendant within [thirty] days of the order"; (2) "[r]reimbursement of $4,069.00 for college transportation expense paid by the [p]laintiff to be used as a credit towards college payments for the [p]laintiff until satisfied"; (3) "[e]nforcement of the May 2017 court order paying the COLAs to child support in the amount of $9,158.00 and ordering probation to add this amount as a credit to the account and arrears to the account and arrears to the defendant"; and (4) "[m]odifying child support to $511.00 weekly effective [March 1, 2024] and ordering probation to reverse arrears charged to [p]laintiff from [June 1, 2023], and crediting arrears paid to date." Defendant did not reply to this motion.

On June 5, 2025, the court denied all relief requested by plaintiff. Regarding plaintiff's first request, the court reasoned that the parties already had to follow the July 2023 order on how to repay the outstanding student loans and

3

plaintiff did not specify why the loan was not already paid off when funds were released from their daughter's college. Plaintiff's request that defendant pay $3,410 pursuant to the March 2024 order was denied because plaintiff did not provide a reason for the requested relief. Regarding plaintiff's next request, the court held that pursuant to a February 2021 consent order, the parties had only agreed that defendant should pay sixty-percent of the vehicle costing no more than $12,000. Since plaintiff chose to buy a vehicle costing more than $12,000, defendant could not be held responsible for more than the amount he agreed to due to plaintiff's decision to exceed the parties' consent order. Regarding plaintiff's request to add COLA back to the date of the MSA, the court documented that it had already denied this request in two previous orders. Regarding plaintiff's request to modify child support, the court determined plaintiff was essentially seeking a reconsideration of the March 2024 order and pursuant to R. 4:49-2, motions for reconsideration cannot be served later than twenty days after service of the order, thus, plaintiff was out of time to request reconsideration. Moreover, the court found that plaintiff had failed to provide an updated Confidential Information Statement ("CIS"), as is required under Rule 5:5-2(c), and thus there was insufficient documentation to calculate child support.

Plaintiff then filed a motion for reconsideration of the June 2025 order. On August 1, 2025, the court denied the request for reconsideration. The court reiterated its previous findings from the June 2025 order and held that they were sound. Regarding plaintiff's request for retroactive COLA payments, plaintiff provided new information and arguments, however, the court held it had previously denied this request twice and it could not consider new arguments that were not raised in the original motion.

This appeal follows.

II.

At the outset, we point out that plaintiff's notice of appeal only identified the order denying her motion for reconsideration. If the notice of appeal "designates only the order entered on a motion for reconsideration, it is only that proceeding and not the order that generated the reconsideration motion that may be reviewed." Pressler & Verniero, Current N.J. Court Rules, cmt. 6.1 on R. 2:5-1(f)(1) (2024); Fusco v. Bd. of Educ. of City of Newark, 349 N.J. Super. 455, 461-62 (App. Div. 2002) (reviewing only denial of the plaintiff's motion for reconsideration and refusing to review the original grant of summary judgment because that order was not designated in the notice of appeal).

A-0218-25

Accordingly, we do not address the correctness of the court's decision underpinning the August 1, 2025 denial of reconsideration.

We will not disturb a trial court's denial of a motion for reconsideration under Rule 4:49-2, absent a clear abuse of discretion. Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021); Kornbleuth v. Westover, 241 N.J. 289, 301 (2020); Hoover v. Wetzler, 472 N.J. Super. 230, 235 (App. Div. 2022). "[An] abuse of discretion only arises on demonstration of 'manifest error or injustice[,]'" Hisenaj v. Kuehner, 194 N.J. 6, 20 (2008) (quoting State v. Torres, 183 N.J. 554 572 (2005)), and occurs when the trial judge's "decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis,'" Milne v. Goldenberg, 428 N.J. Super. 184, 197 (App. Div. 2012) (quoting Flagg v. Essex Cty. Prosecutor, 171 N.J. 561, 571 (2002)).

Reconsideration motions are governed by R. 4:49-2, which provides "the motion shall state with specificity the basis on which it is made, including a statement of the matters or controlling decisions which counsel believes the court has overlooked or to which it has erred." Such motions are "within the sound discretion of the Court, to be exercised in the interest of justice." Cummings v. Bahr, 295 N.J. Super. 374, 384 (App. Div. 1996) (citing D'Atria

v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990)). The motion will be granted only if the Court is satisfied that the judgment was based upon plainly incorrect reasoning, that the Court failed to consider material evidence, or that the Court should consider new information under the circumstances. Town of Phillipsburg v. Block, 380 N.J. Super. 159, 175 (App. Div. 2005); Cummings, 295 N.J. Super. at 384.

Moreover, a party cannot use the reconsideration process to do what should have been done in the original motion. Further, "[a] litigant should not seek reconsideration merely because of dissatisfaction with a decision of the Court." D'Atria, 242 N.J. Super. at 401. "Reconsideration cannot be used to expand the record or reargue a motion." Capital Fin. Co. of Delaware Valley, Inc. v. Asterbadi, 398 N.J. Super. 299, 310 (App. Div. 2008).

Initially, plaintiff argues the court violated Rule 1:7-4(a) and R. 1:6-2(f) in denying her motion for reconsideration. We disagree.

Rule 1:7-4(a) holds that the court must, either by written opinion or orally, "find the facts and state its conclusions of law thereon in all actions tried without a jury, on every motion decided by a written order that is appealable as of right . . . ." Rule 1:6-2(f) holds that "[i]f the court has made findings of fact and conclusions of law explaining its disposition of the motion, the order shall

indicate whether the findings and conclusions were written or oral and the date on which they were rendered."

In making its decision the court abided by both <u>Rules</u> 1:7-4(a) and 1:6-2(f).  The court stated:

> In its <u>June 5, 2025, Order</u>, the [c]ourt denied without prejudice plaintiff's request to modify defendant's weekly child support obligation to $511 retroactive to May 1, 2024.  The [c]ourt denied this request <u>based on plaintiff failing to provide an updated Case Information Sheet ("CIS")</u>.  Additionally, the [c]ourt ruled that while retroactive modification may be permissible, plaintiff has <u>failed to provide documentation to support retroactive modification to May 1, 2024</u>.
>
> With regard to plaintiff's request the [c]ourt vacate all credits granted to defendant from June 1, 2023, to the present day, the [c]ourt denied this request.  The [c]ourt <u>found plaintiff previously requested this relief which was denied in its March 22, 2024, Order</u>.  Plaintiff filed a motion for reconsideration of the March 22, 2024, Order, which was denied in the [c]ourt's June 6, 2024, Order.  The [c]ourt <u>denied this request as most recently in its June 5, 2025, Order, as plaintiff was essentially asking for reconsideration of the [c]ourts' March 22, 2024, Order, which was denied for reconsideration in the [c]ourt's June 6, 2024, Order</u>.
>
> With regard to plaintiff's request for retroactive COLA payments from May 2019 to present, the [c]ourt denied this request, which was <u>denied in the [c]ourt's March 22, 2024 Order and again in its June 6, 2024, Order</u>.
>
> With regard to plaintiff's request the [c]ourt enforce its July 3, 2023, Order and March 22, 2024 Order as it

8

relates to a student loan totaling $3,410, the [c]ourt denied this request as neither Order entitles plaintiff to reimbursement of $3,410.

[Emphasis added.]

The court very clearly stated the reasoning why each decision was made. Thus, plaintiff's claim that Rule 1:7-4(a) and Rule 1:6-2(f) were violated has no merit. Moreover, the court properly applied the standard of review in deciding plaintiffs' motion for reconsideration.

Plaintiff's brief also challenges the court's March 2024 order to reduce child support and the corresponding June 2024 denial of her motion to reconsider that determination. We decline to address that issue as the time for appeal of those orders has expired and, as we have noted, no appeal was taken from those orders.

To the extent we have not specifically addressed any other contentions raised by plaintiff, they lack sufficient merit to warrant discussion in this opinion. R. 2:11-3(e)(1)(e).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-0218-25